**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

October 20, 2017

**VIA ECF**

Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Molina v. 967 Lexington Ave. Corp.
              No. 17 CV 2204

Dear Judge Parker:

      We represent the Plaintiffs in the above-referenced action. We submit this letter to respectfully request that the Court approve the settlement in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and so order the parties' stipulation of dismissal. The parties' settlement agreement is submitted herewith as Exhibit 1, and the parties' stipulation of dismissal is Exhibit B to the settlement agreement.

      The Court is familiar with the facts of this case from the parties' submissions in advance of and discussions during the September 14, 2017 settlement conference with the Court at which the parties reached a settlement. In short, Plaintiffs alleged that Defendants unlawfully paid them pursuant to tip credits under the FLSA and New York law, did not pay them for all hours worked, did not pay them spread of hours compensation, and failed to provide the wage notices required by the New York Labor Law. Plaintiffs' best case scenario damages on all claims, including liquidated damages, total approximately $114,000. There are factual disputes, most significantly regarding Plaintiffs' hours worked and wage notices provided, that, if resolved in Defendants' favor, would substantially reduce Plaintiffs' recovery. Moreover, even if Plaintiffs' obtained a large judgment, they could face collection challenges in light of Defendants' precarious financial position. As such, the parties' $55,000 settlement is a fair and reasonable compromise of disputed claims, reached through arm's-length negotiations with the assistance of the Court, and should be approved.

      The settlement provides for reasonable attorneys' fees and costs to Plaintiff's counsel. Under the settlement agreement, Plaintiffs' counsel will receive a total of $18,681.81: $522.75 as reimbursement of costs[1] and one-third of the remainder of the settlement – or $18,159.06 – as

---

[1] Plaintiffs' counsel seeks reimbursement of the $400 filing fee and $122.75 for service of the complaint.

1

attorneys' fees. The proposed fee award of one-third of the after-costs settlement amount should also be approved because it was consensual and agreed to by the Plaintiffs. Under the contingency fee engagement agreement in this case, Plaintiffs' counsel is entitled to request out of the total recovery one-third in attorneys' fees plus recovery of costs. *See Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). Moreover, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Martinez v. Consulate Gen. of Algeria in N.Y.*, No. 16 Civ. 2390, 2016 U.S. Dist. LEXIS 157999, at *8-9 (S.D.N.Y. Nov. 15, 2016); *see also, e.g., Quiroz v. NYC Building Management LLC*, No. 16 CV 07077, 2017 U.S. Dist. LEXIS 141162, at *6 (S.D.N.Y. Aug. 30, 2017) (Parker, J.); *Ramirez v. Greenside Corp.*, No. 16 CV 726, 2017 U.S. Dist. LEXIS 30527, *9-10 (S.D.N.Y. Mar. 3, 2017); *Maldonado v. Srour*, No. 13 Civ. 5856, 2016 U.S. Dist. LEXIS 139881, at *3 (E.D.N.Y. Oct. 6, 2016); *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 U.S. Dist. LEXIS 84631, at *3-4 (S.D.N.Y. June 29, 2016).

To the extent that the Court deems a "lodestar" crosscheck appropriate, we have attached as Exhibit 2 a copy of Plaintiffs' counsel's contemporaneous time records. Based on those records, Plaintiffs' counsel's lodestar amount equals $13,812.50.[2] Therefore, the requested one-third fee is a 1.31 multiplier of Plaintiffs' counsel's lodestar, which is well within the range of lodestar multipliers regularly approved by courts. *See, e.g., Campos v. Goode*, No. 10-cv-224 (DF), 2011 U.S. Dist. LEXIS 22959, at *21 (S.D.N.Y. Mar. 4, 2011) ("Courts regularly award lodestar multipliers from 2 to 6 times lodestar."); *see also Quiroz*, 2017 U.S. Dist. LEXIS 141162, at *7 (approving one-third fee that amounted to a 2.46 lodestar multiplier); *Martinez v. SJG Foods LLC*, No. 16 CV 7890, 2012 U.S. Dist. LEXIS 171028, at *5 (S.D.N.Y. Oct. 16, 2017) (approving one-third fee in light of "the swift resolution of this case and the Court's desire to avoid creating a disincentive to early settlement") (internal quotation marks omitted).

---

[2] There are three billers identified in Plaintiffs' time records: myself ("DAS" in time records), D. Maimon Kirschenbaum ("DMK"), and Debora Duran ("DD"). My billable rate as an associate has been approved in this district at $300 per hour, Mr. Kirschenbaum's billable rate has been approved at $450 per hour, and our firm's paralegals' billable rate has been approved at $125 per hour. *See e.g., Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 U.S. Dist. LEXIS 85873, at *20 (S.D.N.Y. July 1, 2015).

D. Maimon Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked as Joseph & Kirschenbaum LLP ("JK") since then. As a result of his accomplishments representing food service workers in New York City, he became a member/partner of the firm in May 2007. Mr. Kirschenbaum currently manages the firm, while also maintaining a docket comprised largely of individual and class/collective wage and hours lawsuit.

I graduated from New York University School of Law in 2008 and joined JK in 2009. I was an associate at the firm until February 8, 2017, when I became a partner. The majority of my docket involves individual and class/collective wage and hour actions.

Debora Duran was a paralegal at JK from July 2014 to August 2017. She received a B.S. in Criminal Justice from Rutgers University, Newark in October 2011. In January 2014, Ms. Duran completed a 10-month Paralegal Studies program at Fairleigh Dickinson University. Prior to joining JK as a paralegal in July 2014, Ms. Torres worked as a junior paralegal in the Employment Department of Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd LLP.

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the parties' settlement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)